**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

DONNA MARIE SARGENT,

           Plaintiff,

vs.

NORTHLAND INSURANCE COMPANY, *et al.*,

           Defendants.

Case No.: 2:15–cv–00613–RFB–VCF

**ORDER**

MOTION TO STAY (#10)

     This matter involves Donna Marie Sargent's breach of contract and bad faith action against Northland Insurance Company. (*See* Compl. (#1-1) at 3[1]). Before the court is Northland's Motion to Stay (#10); Sargent filed a limited opposition (#12); and Northland replied (#18). For the reasons stated below, Northland's motion to stay (#10) is granted.

## BACKGROUND

     On January 9, 2013, Sargent was allegedly sleeping in the sleeper-berth of a tractor trailer when her co-worker crashed into another tractor trailer on 1-80 in Humboldt County, Nevada. (#13 at 3:8-11). Sargent sustained serious injuries as a result of this crash and has undergone surgery to her neck and back. (*See id.* at 3:12-14).

     Sargent was and is a resident of Utah. (*See id.* at 3:17). Sargent's employer, Lanier Brugh Corporation, is from Oregon. (*See id.* at 3:16). Northland is a Connecticut resident. (*See id.* at 3:18). Sargent filed suit in Nevada state court against her employer and co-worker and her Complaint against

---

[1] Parenthetical citations refer to the court's docket.

1

them was dismissed under Nevada's workers' compensation exclusive remedy doctrine. (*See id.* at 3:18-20). The dismissal order from the state court judge stated that, "Plaintiff shall be allowed to amend the Complaint and add an additional defendant if otherwise appropriate pursuant to applicable law. (#17 at 3:7-8). Sargent's counsel contacted Northland to obtain the applicable insurance policy and made a claim for the UM/UIM benefits specifically provided in Northland's insurance policy to employees of Lanier Brugh Corporation. (#13 at 3:23-25). Northland denied coverage and this action followed. (*See id.* at 3:27).

## LEGAL STANDARD

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1. The guiding premise of the Rules is that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. Discovery is expensive. And the Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* FED. R. CIV. P. 26(B)(2)(iii).

Consistent with the Supreme Court's mandate that trial courts should balance fairness and cost, the Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *See, e.g.*, *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Obtaining a protective order is a challenging task. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992) (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108,

1121 (3rd Cir. 1986)). "To justify a protective order, one of Rule 26(c)(1)'s enumerated harms must be illustrated 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (citation omitted).

In the context of a motion to stay discovery pending a dispositive motion, Rule 26(c) requires the movant to (1) show that the dispositive motion raises no factual issues, *see Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984), and (2) "convince" the court that the dispositive motion will be granted. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) cert. denied, 455 U.S. 942 (1982) (citing *B. R. S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir. 1979) ("A district court may properly exercise its discretion to deny discovery where, as here, it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted."); *see also Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (permitting a stay of discovery where a pending dispositive motion (1) is "potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought" and (2) can be decided without additional discovery).

When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The purpose of the "preliminary peek" is not to prejudge the outcome of the motion to dismiss. *Id*. "Rather, the court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1." *Id*. In determining whether a stay of discovery pending the outcome of a dispositive motion is warranted, the court can consider whether some or all of the defendants join in the request for a stay. *Id*.

**DISCUSSION**

Northland's motion to stay is granted for two reasons. First, both Northland and Sargent support a stay of discovery while a dispositive motion is pending. (*See* #11 and #12). However, Sargent only

supports a stay for "practical purposes" and not because the court took a "preliminary peek" at the Northland's Motion to Dismiss. (*See* #12 at 3:1-7).

Second, in light of Sargent's limited opposition, the court has undertaken a limited "preliminary peek" of Northland's motion to dismiss and has found that the circumstances do not require denial of the motion to stay. The motion stands to dispose of the entire action and does not require any additional discovery to decide it. The court also finds that a stay of discovery will accomplish the inexpensive and speedy determination of the action, as the parties will not incur unnecessary discovery costs during the pendency of the motion to dismiss. *See* FED. R. CIV. P. 1.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendant Northland's Motion to Stay (#10) is GRANTED.

IT IS FURTHER ORDERED that a status hearing is scheduled for February 29, 2016 at 11:00 AM, in Courtroom 3D.

IT IS SO ORDERED.

DATED this 31st day of July, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE